**East St. Louis Lumber Company, Appellant, v. R. J. Eggmann, Appellee.**

**(Not to be reported in full.)**

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

## Statement of the Case.

This is a separate appeal taken by the East St. Louis Lumber Company from a Mechanic's lien decree entered by the City Court of East St. Louis. Complainant's petition and two other petitions were filed in that court for a lien against the same property and the suits were consolidated for hearing. Three separate appeals were taken from the decree, two of which have been previously considered by the Appellate Court. See *Builders Supply & Coal Co. v. Eggmann, ante,* p. 572; *Moorehead v. Eggmann, ante,* p. 578. A full statement of the facts leading up to the construction of the improvement, the filing of the petitions and the views of the Appellate Court as to questions of law concerning the transaction, and the decision on that appeal to the effect that the parties furnishing labor and materials were original contractors and not subcontractors, governs in considering the questions raised on this appeal.

Appellant in this case claimed a lien for lumber and mill work furnished on a contract with Crutchfield and made proof of his claim, but the court found against it on the theory that it was a subcontractor and had not filed the notice of its lien as required by law.

Appellee urged that the subcontractor's notice was not given in time and that the notice served upon him and set out in appellant's petition as a part thereof claimed a balance of $815.13, when the amount should have been $654.66, and that this excess in the claim

constituted a fraud in law making the whole claim nugatory.

WISE, KEEFE & WHEELER, for appellant.

E. W. EGGMANN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 103*—*when excessive claim will not defeat lien.* The fact that a notice for a lien and also the petition contained an item for which no lien could be allowed, *held* not to render the whole claim void, where it appeared that the claimant believed he had a right to include it and that there was no attempt to perpetrate a fraud.

2. MECHANICS' LIENS, § 149*—*when suit to enforce lien commenced in time.* A suit for a mechanics' lien *held* to be commenced within the time which an original contractor could bring suit to enforce the lien, where it appeared that materials were delivered on the premises twenty days before the time of commencing the suit.

---

## Hagen Paper Company, Defendant in Error, v. East St. Louis Publishing Company, Plaintiff in Error.

1. PLEADING, § 384*—*necessity of similiter.* Not error to proceed to trial without a *similiter* filed to the plea of general issue.

2. CORPORATIONS, § 763*—*when replication demurrable.* A replication to a special plea setting up that plaintiff, a foreign corporation, had not complied with the laws in this State in order to do business therein, *held* demurrable.

3. APPEAL AND ERROR, § 1681*—*when erroneous ruling on demurrer waived.* Error of court in overruling a demurrer to a defective replication cannot be availed of on review where the party demurring did not abide by the demurrer but proceeded to trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.